J-S37034-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RICHARD HENRY BOSSERT | |
| Appellant | No. 2904 EDA 2014 |

Appeal from the PCRA Order September 11, 2014
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0002172-2012

BEFORE: GANTMAN, P.J., SHOGAN, J., and LAZARUS, J.

MEMORANDUM BY LAZARUS, J.: **FILED JUNE 26, 2015**

Richard Henry Bossert appeals from the order of the Court of Common Pleas of Lehigh County, which dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA).[1] Additionally, counsel for Bossert has filed an application to withdraw from representation and a **_Turner_**/**_Finley_** no-merit letter.[2] Upon review, we affirm the order dismissing the petition based on the well-written opinion of the Honorable James T. Anthony and grant counsel's request to withdraw.

On September 4, 2012, Bossert pled _nolo contendere_ to terroristic threats and simple assault before Judge Anthony. On October 5, 2012, the

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] **_See Commonwealth v. Turner_**, 544 A.2d 927 (Pa. 1988); **_Commonwealth v. Finley_**, 550 A.2d 213 (Pa. Super. 1988).

court sentenced Bossert to an aggregate term of thirty to sixty months' incarceration. Bossert filed a timely *pro se* PCRA petition on June 21, 2013. The court appointed counsel, who filed an amended petition on April 7, 2014, alleging that trial counsel, John Baurkot, Esquire, was ineffective for failing to file a motion to modify and reduce sentence. The court held a hearing on May 27, 2014, at which Bossert and Attorney Baurkot testified. After the submission of memoranda of law by Bossert and the Commonwealth, the court dismissed the PCRA petition by opinion and order dated September 11, 2014.

Bossert filed a timely notice of appeal, and at the direction of the trial court he filed a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). By order dated December 3, 2014, Judge Anthony indicated that his opinion dated September 11, 2014 satisfied the requirements of Rule 1925(a). Accordingly, no further opinion was issued.

We begin by assessing whether counsel has satisfied the **Turner**/**Finley** requirements for withdrawal.

"Independent review of the record by competent counsel is required before withdrawal is permitted." **Commonwealth v. Widgins**, 29 A.3d 816, 817 (Pa. Super. 2011). Such independent review requires proof of:

1) A "no-merit" letter by PCRA counsel detailing the nature and extent of his review;

2) The "no-merit" letter by PCRA counsel listing each issue the petitioner wished to have reviewed;

- 2 -

3) The PCRA counsel's "explanation," in the "no-merit" letter, of why the petitioner's issues were meritless;

4) The PCRA court conducting its own independent review of the record; and

5) The PCRA court agreeing with counsel that the petition was meritless.

*Id.* at 817-18 (alterations and citations omitted). Further, the *Widgins* Court explained:

The Supreme Court [in *Commonwealth v. Pitts*, 981 A.2d 875 (Pa. 2009),] did not expressly overrule the additional requirement imposed by the [*Commonwealth v.*] *Friend*[, 896 A.2d 607 (Pa. Super. 2006),] decision, i.e., that PCRA counsel seeking to withdraw contemporaneously forward to the petitioner a copy of the application to withdraw that includes (i) a copy of both the "no-merit" letter, and (ii) a statement advising the PCRA petitioner that, in the event the trial court grants the application of counsel to withdraw, the petitioner has the right to proceed *pro se*, or with the assistance of privately retained counsel.

*Id.* at 818. Instantly, we have reviewed counsel's petition to withdraw and conclude it complies with the requirements set forth by the *Widgins* Court. Accordingly, we proceed with the merits of the appeal.

Bossert presents the following issue for our review:

The trial court erred in failing to find counsel ineffective for not appealing [his] sentence after [Bossert] instructed counsel to appeal [his] sentence.

*Turner/Finley* Letter, at 1/22/15, at 2.

In reviewing an appeal from the denial of PCRA relief, "our standard of review is whether the findings of the court are supported by the record and

- 3 -

free of legal error." ***Commonwealth v. Martin***, 5 A.3d 177, 182 (Pa. 2010) (citations omitted).

To be eligible for relief under the PCRA, Bossert must prove by a preponderance of the evidence that his conviction resulted from "ineffective assistance of counsel which, in the circumstances of the particular case so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). "Counsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." ***Commonwealth v. Ousley***, 21 A.3d 1238, 1244 (Pa. Super. 2011). To prevail on an ineffectiveness claim, the defendant must show that the underlying claim had arguable merit, counsel had no reasonable basis for his or her action, and counsel's action resulted in prejudice to the defendant. ***Commonwealth v. Pierce***, 527 A.2d 973, 975-77 (Pa. 1987).

In his opinion, Judge Anthony correctly notes that where a petitioner alleges that counsel failed to file a motion for reconsideration of sentence, the appropriate prejudice inquiry is whether the motion would likely have resulted in a different sentence. ***Commonwealth v. Reaves***, 923 A.2d 1119 (Pa. 2007). Judge Anthony explains why Bossert would not have succeeded on this claim.

Judge Anthony then explains that prejudice is presumed where a petitioner proves that he asked counsel to file a direct appeal, but counsel

- 4 -

failed to do so. ***Commonwealth v. Lantzy***, 736 A.2d 564 (Pa. 1999). Here, the court found that Bossert's testimony that he asked counsel to file an appeal was not credible, thus precluding relief under ***Lantzy***.

The court made an additional finding that trial counsel did not discuss the filing of an appeal with Bossert. However, it concluded that Bossert did not suffer actual prejudice because there were no non-frivolous grounds for appeal and Bossert did not demonstrate that he was interested in appealing. ***See Commonwealth v. Markowitz***, 32 A.3d 706 (Pa. Super. 2011).

After our independent review of the ***Turner***/***Finley*** letter, the Commonwealth's brief, the record and the relevant law, we agree with Judge Anthony's analysis and affirm on the basis of his opinion. We instruct the parties to attach a copy of Judge Anthony's decision in the event of further proceedings.

Petition to withdraw as counsel granted.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/26/2015

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA | No. 2172-2012

vs.

RICHARD BOSSERT,

Defendant |

* * * * * * * * * *

APPEARANCES:

Heather Gallagher, Esquire, Assistant District Attorney,
    For the Commonwealth

Sean T. Poll, Esquire, Conflict Counsel
    For the defendant

* * * * * * * * * *

**OPINION**

**James T. Anthony, Judge:**

On September 4, 2012, the defendant pleaded nolo contendere to one count

each of Terroristic Threats and Simple Assault.[1] I ordered a Pre-sentence Investigation

Report (PSI), and on October 5, 2012, I sentenced the defendant to undergo

imprisonment for a period of not less than 2 years, 6 months nor more than 5 years in a

State Correctional Institution on the terroristic threats, and a consecutive 2 year period

of probation on the simple assault. No post-sentence motions or a direct appeal were

filed. At all relevant times, the defendant was represented by John F. Baurkot, Esquire,

of the Lehigh County Public Defender's Office.

On June 21, 2013, the defendant filed a *pro se* Motion for Post-Conviction

Collateral Relief, pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§

---

[1] 18 Pa.C.S.A. § 2706(a)(1) and § 2701(a)(1), respectively.

1

9541-9546. I appointed conflicts counsel to represent the defendant, and on April 7, 2014, Sean Poll, Esquire, filed an Amended Petition for Post Conviction Relief.[2] In the petition, the defendant claims his trial counsel was ineffective for failing to file a post-sentence motion. An evidentiary hearing was held on May 27, 2014, at which time Attorney Poll orally amended his petition to include a claim that trial counsel was ineffective for failing to file a direct appeal.[3] Following the hearing, I took the petition under advisement, and both parties submitted briefs.

## Factual and Procedural History

The charges in this case stemmed from an incident that occurred on February 18, 2012, at around 9:30 P.M. at the home of the victim, Ruby Jones. The defendant, Richard Bossert, is the half-brother of Ms. Jones and was staying with Ms. Jones at her residence. On the night in question, Ms. Jones arrived home and found the defendant high on bath salts. The defendant grabbed Ms. Jones, pulled her hair, and attempted to ingest more bath salts. Ms. Jones pushed the spoon containing the bath salts away from the defendant, at which point he again shoved Ms. Jones. During the assault, the defendant stated to Ms. Jones, "I'm going to kill you and then kill myself."[4] The defendant eventually left the home when Ms. Jones's daughter arrived. Ms. Jones suffered bruising on her body and was injured from the assault by the defendant.

On September 4, 2012, the defendant appeared before me and entered a nolo contendere plea to Terroristic Threats and Simple Assault. The agreement reached by the parties was that the terroristic threats count would be an open plea, and the simple

---

[2] David D. Ritter, Esquire, was appointed on July 18, 2013. Attorney Ritter requested, and was granted, an extension of time to file his amended petition. Subsequently, Attorney Ritter retired from his position as conflict counsel, and Sean Poll, Esquire, was appointed on January 27, 2014.
[3] Attorney Poll indicated to me that he was proceeding on the amended petition only.
[4] Notes of Testimony (N.T.), Nolo Contendere Hearing, September 4, 2012, p. 19.

2

assault plea would be binding probation, to be served consecutive to the terroristic threats count. The defendant completed a written colloquy, and I also conducted an oral, on-the-record colloquy with him. I apprised the defendant of the maximum sentences and fines that he was facing, and advised him of his right to a jury trial, and he stated he understood. The defendant stated that no threats or promises were made in order to get him to enter his plea. He stated the plea was made of his own free will and that he understood what he was doing by pleading no contest. I accepted the defendant's plea, and ordered a pre-sentence investigation report.

On October 5, 2012, the defendant appeared for sentencing. The recommendation from the probation officer was 19 months to 60 months on the terroristic threats count, followed by 2 years of probation on the simple assault count. The victim in this case, Ruby Jones, testified for the Commonwealth. I considered this testimony, the information provided in the PSI, and the arguments of the parties, and thereafter I sentenced the defendant to 30 months to 60 months in a State Correctional Institution, followed by 2 years of probation.[5] This was a statutory maximum sentence on the terroristic threats, and I stated on the record my reasons for imposing such a sentence:

1. The defendant has 9 previous assault related convictions;
2. The victim in this case is the defendant's half-sister;
3. The defendant could have been charged with sexual assault; and
4. To give the defendant any less of a sentence would depreciate from the seriousness of the crimes.

Notably, after I imposed the sentence, I asked the defendant if he went over his post-sentence and appeal rights with his attorney. He replied, "Yeah. I'm not appealing

---

[5] The standard range minimum on the terroristic threats, a misdemeanor 1, is 6-16 months, plus or minus 3 months for the aggravated and mitigated ranges. The standard range minimum on the simple assault, a misdemeanor 2, is 6-12 months, minus 3 for the mitigated range.

3

nothing."[6] At the defendant's PCRA hearing, he testified that immediately after he made that statement, while still standing up at the bench, he whispered to Attorney Baurkot that he wanted to appeal his sentence. After the defendant allegedly made these statements and left the courtroom, he was brought back as I had failed to inform him that he was not RRRI eligible. We went back on the record, and I advised the defendant of his ineligibility. Notably, at no time during this discussion did the defendant indicate he was unhappy with his sentence.[7]

According to Attorney Baurkot,[8] he had a conversation with the defendant about what he could expect at sentencing. Attorney Baurkot was expecting a maximum sentence based on the facts of the case, the defendant's prior record, and certain charges that were not pursued. Although Attorney Baurkot testified that he could not recall the defendant whispering to him that he wanted to file an appeal, he did state that it would be his normal practice to ask for a reconsideration if he believed a sentence was excessive or more than he was expecting. Additionally, he said if he was asked to file an appeal, he would do so, and if he believed there were issues for appeal, he would talk to his client about filing an appeal.

## Discussion

Generally speaking, trial counsel is presumed effective and the burden to prove otherwise rests with the defendant. *Commonwealth v. McNeil*, 487 A.2d 802 (Pa. 1985). To establish a claim of ineffective assistance, a defendant must prove that (1) the underlying claim is of arguable merit; (2) there was no reasonable basis for

---

[6] Notes of Testimony (N.T.), Sentencing Hearing, October 5, 2012, p.28.
[7] Notes of Testimony, Hearing, October 5, 2012, p.2.
[8] Attorney Baurkot has been an attorney for the Lehigh County Public Defender's Office for twenty-six years.

4

counsel's action or inaction; and (3) counsel's error prejudiced the defendant. *Id.* Prejudice is established where the defendant shows that "but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." *Commonwealth v. Kimball,* 724 A.2d 326, 333 (Pa. 1999)

In the context of an alleged failure by counsel to file a post-sentence motion for reconsideration of sentence, the proper prejudice inquiry is whether such a motion would have likely resulted in a different sentence. *Commonwealth v. Reaves,* 923 A.2d 1119 (Pa. 2007). Here, the defendant does not provide any evidence to support the contention that had counsel filed a motion for reconsideration, I would have reduced the sentence. He does not point to any new evidence that he would have provided to me in a motion to reconsider, and absent any new information, I would not have disturbed my sentence. As such, he has failed to meet the prejudice prong on this claim of ineffective assistance of counsel, and the claim must fail. *Commonwealth v. Robinson,* 877 A.2d 433 (Pa. 2005) (failure to prove any one of the prongs is sufficient to dismiss the claim).

In the context of an alleged failure by counsel to file a direct appeal, prejudice will be presumed if a defendant can prove that he asked counsel to file a direct appeal and counsel failed to do so. *Commonwealth v. Lantzy,* 736 A.2d 564, 571 (Pa. 1999). "Mere allegation will not suffice; the burden is on [the defendant] to plead and prove that his request for an appeal was ignored or rejected by trial counsel." *Commonwealth v. Harmon,* 738 A.2d 1023, 1024 (Pa.Super. 1999), *appeal denied,* 753 A.2d 815 (Pa. 2000). Even where no request is made, counsel may still be held ineffective if he does not consult with his client about the client's appellate rights. *Commonwealth v.*

5

*Markowitz,* 32 A.3d 706, 714 (Pa.Super. 2011) (citing *Roe v. Flores–Ortega,* 528 U.S. 470 (2000)). "Such ineffectiveness, however, will only be found where a duty to consult arises either because there were issues of merit to raise on direct appeal or the defendant, in some manner, displayed signs of desiring an appeal." *Id.*

I do not find credible the defendant's testimony that just moments after telling me he would not appeal, he turned to Attorney Baurkot and asked him to file an appeal. Although Attorney Baurkot could not recall a conversation where the defendant asked him to file an appeal, he did state that if he were asked to file an appeal, he would do so. He also stated that in a case where he believed there were issues that could be raised on appeal, he would talk to his client about filing an appeal. In this case, he did not believe there were any viable appellate issues. Since there was no request made, counsel cannot be presumed ineffective.

> Nevertheless, the secondary query of whether counsel consulted the defendant persists. In this context, however, counsel is not *per se* ineffective and a *Strickland/Pierce* analysis is necessary to decide whether counsel rendered constitutionally ineffective assistance by failing to advise his client about his appellate rights. ...
>
> Where counsel has not advised his client about the client's appellate rights, the question becomes whether that failure caused actual prejudice to the petitioner, *i.e.,* 'but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed.' In analyzing whether there is a constitutional mandate to consult with a defendant about his appellate rights, the Supreme Court opined that a court must determine if 'a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.' Where a petitioner can prove either factor, he establishes that his claim has arguable merit.
>
> In deciding whether the petitioner suffered actual prejudice, the High Court listed several relevant factors. For example, did the petitioner plead guilty, thereby decreasing the number of appealable issues? Pertinent considerations also include any instructions given by the court with

6

respect to the defendant's right to appeal as well as evidence of nonfrivolous grounds for appeal. Of course, evidence of nonfrivolous grounds of appeal is not required.

*Commonwealth v. Markowitz*, 32 A.3d 706 (Pa.Super. 2011) (citations omitted) (footnote omitted).

Although Attorney Baurkot testified he did not discuss filing an appeal with the defendant, I do not find this prejudiced the defendant. It appears from the record that the sentence I imposed was exactly what the defendant expected, so no "rational defendant would want to appeal," as discussed above, the defendant did not "reasonably demonstrated to counsel that he was interested in appealing;" the defendant pleaded guilty, thereby limiting his appealable issues; the defendant stated he went over his post-sentence and appeal rights with Attorney Baurkot and said he understood them;[9] and Attorney Baurkot confirmed he reviewed those rights with the defendant and was satisfied he understood them.[10]

Since I find the defendant did not request an appeal and that Attorney Baurkot's advice did not cause the defendant to forego filing an appeal, this claim of ineffective assistance of counsel must also fail.

### Conclusion

Based on the foregoing, the defendant is not entitled to relief and his PCRA petition is denied.

September 11, 2014

James T. Anthony, Judge

---

[9] N.T., Sentencing Hearing, 10/5/12, p.28.
[10] Id. at 29.